UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennis R. Hallen,

Plaintiff,

v.

Brock White Company, LLC, and
Arnie Robles

Defendants.

Civil File No. 0:01-CV-1832 RHK/JMM

**STIPULATION AND ORDER GRANTING LEAVE TO FILE AND SERVE AMENDED ANSWER**

**IT IS HEREBY STIPULATED AND AGREED** between the parties, by their undersigned counsel, that Defendant Brock White Company, LLC may file and serve an Amended Answer in the form attached hereto.

Dated: 1/03/02

**CLAPP & ERICKSON**

By [signature]
Donald G. Clapp (#17000)
386 North Wabasha Street
Suite 1450
St. Paul, MN 55102
Telephone: (651) 223-8100

ATTORNEYS FOR PLAINTIFF

Dated: 12/28/01

**DORSEY & WHITNEY LLP**

By [signature]
David J. Lauth (#014552X)
Suite 1500, 50 South Sixth Street
Minneapolis, N 55402-1498
Telephone: (612) 343-7940

ATTORNEYS FOR DEFENDANT BROCK WHITE COMPANY, LLC

JAN 11 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**IT IS SO ORDERED.**

Dated: January 11, 2001

Susan Richard Nelson
The Honorable Susan Richard Nelson
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dennis R. Hallen,

Plaintiff,

v.

Brock White Company, LLC, and
Arnie Robles

Defendants.

Civil File No. 0:01-CV-1832 RHK/JMM

**AMENDED ANSWER OF BROCK WHITE COMPANY, LLC**

Brock White Company, LLC ("Brock White"), for its Answer to the Complaint herein, admits, denies, and alleges as follows:

**FIRST DEFENSE**

1. Alleges that paragraph 1 of the Complaint purports to state a legal conclusion to which no response is required.

2. Alleges that paragraph 2 of the Complaint purports to state a legal conclusion to which no response is required.

3. Alleges that paragraph 3 of the Complaint purports to state a legal conclusion to which no response is required.

4. Denies the allegations in paragraph 4 of the Complaint as pled; alleges that Brock White is a Wyoming limited liability corporation, and that Arnie Robles is a former employee of Brock White.

5. Alleges that paragraph 5 of the Complaint purports to state a legal conclusion to which no response is required.

6. Admits the allegations in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Brock White incorporates by reference paragraphs 1 through 6 of this Answer.

8. Denies the allegations in paragraph 8 of the Complaint.

9. Denies the allegations in paragraph 9 of the Complaint.

10. Denies the allegations in paragraph 10 of the Complaint.

11. In response to the allegations in paragraph 11 of the Complaint, admits that Plaintiff's employment was terminated on or about July 24, 2000; denies that this was related to or caused by any alleged report of sexual harassment.

12. Denies the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, Brock White incorporates by reference paragraphs 1 through 13 of this Answer.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Brock White incorporates by reference paragraphs 1 through 16 of this Answer.

18. Denies the allegations in paragraph 18 of the Complaint, except alleges that it is without information sufficient to admit or deny what Plaintiff may claim to have witnessed.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. In response to paragraph 22 of the Complaint, Brock White incorporates by reference paragraphs 1 through 21 of this Answer.

23. In response to the allegations in paragraph 23 of the Complaint, denies that Brock White management was aware of any conduct such as that alleged.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. In response to the allegations in paragraph 27 of the Complaint, alleges that to the knowledge of Brock White management, Plaintiff was able to perform the essential functions of his position at the time alleged.

28. Denies the allegations in paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Brock White incorporates by reference paragraphs 1 through 28 of this Answer.

30. Denies the allegations in paragraph 30 of the Complaint.

31. In response to the allegations in paragraph 31 of the Complaint, alleges that to the knowledge of Brock White management, Plaintiff was able to perform the essential functions of his position at the time alleged.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, Brock White incorporates by reference paragraphs 1 through 34 of this Answer.

36. Denies the allegations in paragraph 36 of the Complaint as pled.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Alleges that it is without information sufficient to admit or deny the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Brock White incorporates by reference paragraphs 1 through 43 of this Answer.

45. In response to the allegations in paragraph 45 of the Complaint, admits that Mr. Robles was a Brock White employee.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies the allegations in paragraph 48 of the Complaint.

49. Denies the allegations in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, Brock White incorporates by reference paragraphs 1 through 49 of this Answer.

51. Denies the allegations in paragraph 51 of the Complaint.

52. Denies the allegations in paragraph 52 of the Complaint.

53. Denies each and every allegation in the Complaint, except as expressly admitted or qualified above.

**SECOND DEFENSE**

54. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

55. Plaintiff's claims are barred by the doctrine of judicial estoppel, to the extent that they are inconsistent with claims and allegations made by Plaintiff elsewhere.

**FOURTH DEFENSE**

56. Plaintiff's common law claims are barred to the extent that they are preempted by federal and/or state statutes.

**FIFTH DEFENSE**

57. Plaintiff's claims are barred to the extent that he has failed to mitigate his alleged damages, if any.

**SIXTH DEFENSE**

58. Plaintiff's claims are barred to the extent that they exceed the allegations contained in his charge of discrimination.

**SEVENTH DEFENSE**

59. Plaintiff's claims are barred to the extent that they are untimely under applicable statutes of limitations.

**WHEREFORE**, Brock White demands judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;
2. Awarding Brock White its costs, disbursements, and attorneys' fees; and
3. Awarding such other and further relief as the Court may deem just and proper.

Dated: January ___, 2002

DORSEY & WHITNEY LLP

By ______________________________

David J. Lauth #014552X
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 343-7940

Attorneys for Defendant Brock White Company, LLC